IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

KIMBERLY-CLARK CORPORATION, §
§
            Plaintiff, §
§ Civil Action No. 3:05-CV-0475-D
VS. §
§
CONTINENTAL CASUALTY §
COMPANY, §
§
            Defendant. §

MEMORANDUM OPINION
AND ORDER

Plaintiff Kimberly-Clark Corporation ("KC") moves to admit the prior testimony of Reginaldo Fernandes ("Fernandes"). Defendant Continental Casualty Company ("Continental") moves the court to reconsider its decision denying Continental's motion to dismiss for *forum non conveniens* and to extend certain discovery deadlines. For the reasons that follow, the court conditionally grants the motion to admit prior testimony, denies the motion to reconsider, and grants the motion to extend certain discovery deadlines.

I

The pertinent background facts of this case are set out in the court's opinion denying Continental's motion to dismiss for *forum non conveniens*. *See Kimberly-Clark Corp. v. Cont'l Cas. Co.*, 2005 WL 2679698, at *1 (N.D. Tex. Oct. 19, 2005) (Fitzwater, J.) ("*Kimberly-Clark I*"). The court assumes the parties' familiarity with that opinion.

II

Continental moves the court to reconsider its decision in *Kimberly-Clark I* denying Continental's motion to dismiss for *forum non conveniens*.

"Motions for reconsideration are permitted only in narrow situations, 'primarily to correct manifest errors of law or fact or to present newly discovered evidence.'" *Avco Corp. v. Precision Airmotive, Inc.*, 2005 WL 174867, at *1 (N.D. Tex. Jan. 24, 2005) (Kinkeade, J.) (order) (quoting *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989)). "Motions for reconsideration are not a vehicle to permit a party to rehash arguments it could or should have made in its initial motion." *Hurt v. Ecolab, Inc.*, 2006 WL 1947791, at *3 (N.D. Tex. July 13, 2006) (Kaplan, J.).

"Continental has the burden of establishing that the doctrine of *forum non conveniens* applies. Its 'burden of persuasion runs to all the elements of the forum non conveniens analysis.'" *Kimberly-Clark I*, 2005 WL 2679698, at *3 (internal citations omitted) (quoting *In re Air Crash Disaster Near New Orleans, La.,* 821 F.2d 1147, 1164 (5th Cir. 1987) (en banc) (emphasis omitted), *vacated on other grounds sub nom. Pan Am. World Airways, Inc. v. Lopez,* 490 U.S. 1032, *opinion reinstated in part on other grounds,* 883 F.2d 17 (5th Cir. 1989) (en banc) (per curiam)). Having considered Continental's motion, the court is not persuaded that it committed a manifest error of law or fact in addressing an argument that

- 2 -

Continental adequately presented in litigating its motion to dismiss for *forum non conveniens*. Accordingly, the court denies Continental's motion to reconsider.

III

KC moves under Fed. R. Evid. 804(b)(1)[1] for an order admitting the prior deposition testimony of Fernandes taken under Tex. R. Civ. P. 202.[2]  It maintains that Fernandes is beyond the subpoena power of this court and has stated his unwillingness to testify at

---

[1]Fed. R. Evid. 804(b) provides:

> The following are not excluded by the hearsay rule if the declarant is unavailable as a witness: (1) *Former testimony*. Testimony given as a witness at another hearing of the same or a different proceeding, or in a deposition taken in compliance with law in the course of the same or another proceeding, if the party against whom the testimony is now offered, or, in a civil action or proceeding, a predecessor in interest, had an opportunity and similar motive to develop the testimony by direct, cross, or redirect examination.

For reasons the court addresses *infra* at note 7, this motion is properly presented under Fed. R. Civ. P. 27(a)(4).

[2]Rule 202 consists of five rules: 202.1-202.5.  Rule 202.1 provides:

> A person may petition the court for an order authorizing the taking of a deposition on oral examination or written questions either:
>
> (a) to perpetuate or obtain the person's own testimony or that of any other person for use in an anticipated suit; or
>
> (b) to investigate a potential claim or suit.

trial or to appear for another deposition.  Before KC filed this lawsuit on March 9, 2005, Fernandes testified by deposition on February 19, 2004 and November 19, 2004 in Dallas.  KC obtained an order of a Texas state district court ("state court") under Rule 202 that permitted Fernandes's deposition to be taken before suit was filed.  KC now seeks to use the deposition testimony at the trial of this case, contending it is admissible under Rule 804(b)(1).[3]  Continental opposes the motion.[4]

---

[3]KC's motion addresses the admissibility of Fernandes's testimony in general, not as to specific objections that were preserved during the depositions and that are properly addressed during trial.  Additionally, in its motion, *see* P. Mot. 1, and at one point in its brief, *see* P. Br. 13, KC cites Rule 804(a)(1).  These appear to be typographical errors and that KC relies on Rule 804(b)(1).

[4]KC and Continental both failed in some instances to follow the local civil rules of this court in briefing this motion.  Continental submitted an appendix, but it did not include the affidavit of Michael Kelley, Esquire in the part that was numbered, as required by N.D. Tex. Civ. R. 7.1(i)(4).  As a result, it did not cite his affidavit in the manner required by Rule 7.2(e).  *See, e.g.,* D. Br. 5 (citing unnumbered appendix exhibit and paragraph rather than specific numbered page of appendix).  KC likewise failed at times to cite the specific page of its appendix.  *See, e.g.,* P. Br. 5 (citing P. App. Ex. C at 4 rather than P. App. 38).  And it cited an exhibit to its first amended complaint instead of including the document in its appendix and citing the specific appendix page.  *See id.* at 3.  The court points out these briefing errors because counsel should not repeat them in future filings in this or other cases pending in this court.  The Rules are important because they assist the court in moving quickly through the record and in determining whether assertions about the evidence are in fact supported.

A

Fernandes is the former Controller of KC's Brazilian subsidiary, Kimberly-Clark Kenko Industria e Comercio Ltda., who KC alleges conspired with tax credit sellers in Brazil to purchase invalid and worthless third-party tax credits in exchange for bribes, resulting in approximately $40 million losses to three KC subsidiaries. *Kimberly-Clark I*, 2005 WL 2679698, at *1. The parties dispute Fernandes's intent and knowledge in purchasing the third-party tax credits. *See id.* It is uncontested, however, that he is a key or primary fact witness in this case. *See* P. Reply Br. 10 (referring to Fernandes as "the man who caused [KC] to lose over U.S. $40 million"); D. Br. 16 ("Continental recognizes that Fernandes is a primary fact witness in this case.").

According to KC, before it filed suit, it requested that Fernandes provide testimony as part of Continental's investigation of KC's insurance claim. After repeated requests, Fernandes's Brazilian lawyer advised KC on February 9, 2004 that Fernandes would testify in Dallas on February 19, 2004, but the lawyer could not confirm Fernandes's availability after that date. KC's counsel advised Continental's counsel and requested that the parties agree that Fernandes's deposition testimony could be used in any subsequent litigation regarding KC's loss. Continental's counsel did not necessarily disagree with the request, but, based on the short notice and the lack of documents needed to be transcribed, he

did not agree.   KC responded that it did not intend to question Fernandes about any documents that had not been produced to Continental.

On February 17 KC petitioned the state court to take Fernandes's deposition under Rule 202.   Following an expedited hearing that same day, at which counsel for KC and Continental appeared, the court granted the petition.   *See In re Kimberly-Clark Corp.*, No. 04-1275-A (14th Dist. Court, Dallas County, Tex. Feb. 17, 2004) (order).   In doing so, the court explicitly recognized that Continental had not been given the 15-day notice of the hearing that Rule 202 required, and it concluded that this lack of notice might or might not prejudice Continental.   P. App. 2. Consequently, "the Court expressly reserve[d] for determination by the court in which suit is then pending the question of whether any transcript thereof may be used by [KC] against [Continental] in any lawsuit between the parties in which Mr. Fernandes' testimony may be relevant." *Id.*

The deposition took place as scheduled, and both sides questioned Fernandes under oath.   Continental objected at the deposition on the basis that it would or might be prejudiced due to the absence of timely notice and to a lack of documents and information previously requested.

Following the deposition, the parties corresponded, and KC sought anew an agreement that, if Fernandes were unavailable, the

Fernandes depositions could be used in future proceedings between the parties.  Continental's counsel expressed agreement to a Rule 202 deposition in the near future, once Continental had English copies (i.e., English translations) of all requested documents, and he suggested three dates in April.

Fernandes's deposition was not reconvened until November.  The parties did not, however, reach an agreement to resume the deposition as one being under Rule 202.  At the deposition, KC's counsel acknowledged that there had been no agreement, and Continental's counsel expressly reserved the objection that the proceeding was not a deposition.  Both sides then examined Fernandes under oath.  His lawyer stated that Fernandes might be available for another deposition under certain conditions.  In response to an inquiry from KC in February 2006, however, the lawyer indicated that Fernandes would not be available for additional depositions in the United States or Brazil and that he would not testify at trial.

After KC received this response, it contacted Continental's counsel and requested an agreement that Fernandes's deposition testimony would be admissible at trial.  When Continental failed to respond to the request, KC filed the instant motion, which Continental opposes.

B

1

Under Fed. R. Civ. P. 27(a)(1), "[a] person who desires to perpetuate testimony regarding any matter that may be cognizable in any court of the United States may file a verified petition in the United States district court in the district of the residence of any expected adverse party."  The court may grant the petition "[i]f the court is satisfied that the perpetuation of the testimony may prevent a failure or delay of justice."  Rule 27(a)(3).  Even a deposition to perpetuate testimony that is not taken under the Federal Rules of Civil Procedure "may be used in any action involving the same subject matter subsequently brought in a United States district court, in accordance with the provisions of Rule 32(a)," provided "it would be admissible in evidence in the courts of the state in which it is taken."  Rule 27(a)(4).

2

KC contends that Fernandes's deposition testimony should be admitted.  First, it argues that, although the state court reserved a ruling on this matter, a few days' additional notice under Rule 202 would not have made a difference to Continental's ability to prepare for Fernandes's deposition.  KC posits that Continental knew at least one year in advance that Fernandes was a key witness in its claims investigation, and it asserts that Continental cannot argue that it lacked sufficient time or documents to prepare for

the February deposition because it did not identify any documents that it allegedly needed beforehand.  It also relies on the fact that it identified Fernandes in its February 28, 2003 original proof of loss as an employee involved in the tax credits scheme, discussed in detail his employment and illicit actions, proffered 48 supporting exhibits, including all the central documents related to the claim, and advised Continental that it intended to depose Fernandes in March 2003.  KC also relies on Continental's representation that it thoroughly investigated KC's claim and on the fact that Continental's counsel conducted a lengthy, recorded interview of Fernandes in September 2003, which included many of the same questions later posed to him during his depositions in Dallas in 2004.  Invoking the "unfair prejudice" standard of Rule 202.5, KC also argues that the absence of 15 days' notice did not unfairly prejudice Continental under the circumstances.

Second, in a related argument, KC maintains that Continental cannot show that it would be unfairly prejudiced by admitting the testimony.  It posits that, although Continental's counsel objected at the February deposition based on the absence of certain documents and of timely notice, he did not identify a single additional document that he needed to take the deposition, and that his March communications to KC's counsel also lacked specificity.  KC maintains that, at the November deposition, Continental had ample time to depose Fernandes concerning Portugese documents that

had not been transcribed into English as of the February deposition. It also points out that Continental's counsel examined Fernandes at the February deposition about his involvement in the tax credits scheme and presented to him for questioning about 2,000 pages of documents related to tax credit purchases. And it notes that in March, Continental's counsel reiterated its objection to the state court's February 17 order, stated that Continental would not object to deposing Fernandes once it had English copies of the documents it had requested, and suggested three dates in April to depose him in Dallas. KC relies on the nine months' notice that Continental had from February to November that KC intended to take Fernandes's Rule 202 deposition, on Continental's representations that it would be agreeable to a future Rule 202 deposition, and on the absence of articulated objections at the November deposition and the fact that, by then, Continental had obtained English translations and had agreed to the November deposition date. It contends that Continental's counsel examined Fernandes during the deposition on a wide range of topics and documents related to the tax credits and fraudulent scheme.

3

Continental opposes KC's motion. It relies on the extensive investigation that it conducted of KC's claim and argues that it was not fairly prepared to conduct the formal deposition of Fernandes until it had completed the investigation. Continental

characterizes the two Dallas depositions as "interviews,"[5] and it
posits that it would be highly prejudicial to admit them as
evidence in this litigation.  It maintains that KC failed to comply
with the state and federal rules of civil procedure in seeking
Fernandes's pre-suit deposition, that in requesting permission to
take his deposition it relied on claims regarding his availability
that proved to be false, and that KC was effectively in control of
whether Fernandes would testify because, before his first
deposition and in exchange for his testimony, it had agreed to drop
the civil suit against him pending in Brazil.  Continental
therefore challenges KC's characterization of the alleged urgency
of Fernandes's deposition, asserting that it appears to have been
an attempt to gain an unfair litigation advantage.  After setting
out its versions of the pre-suit claims process, including
identifying the persons it interviewed and discussing the more than
13,000 pages of documents it reviewed (most of which had to be
translated from Portugese), the communications with KC's counsel
concerning deposing Fernandes, of the Rule 202 proceeding in state
court, the two Fernandes depositions and counsels' communications
concerning them, and the material changes in KC's Final Proof of
Loss submitted after the second deposition, Continental objects to

---

[5]Concerning the first deposition, this is an argumentative
term that is not supported by the record.  The state court
unquestionably permitted KC and Continental to take Fernandes's
deposition under Rule 202, not to "interview" him.

- 11 -

KC's motion on two overarching grounds.  First, it maintains that KC did not comply with federal or state procedural requirements for taking Fernandes's pre-suit depositions because KC did not seek leave under Rule 27 and did not provide Continental the notice that Rule 202 requires.  Second, it contends that it will be severely prejudiced if the court admits the deposition testimony as evidence in this case.[6]

C

The question the court must decide is whether the two Fernandes depositions would be admissible in evidence in a Texas court if this lawsuit were pending there.

1

To answer this question, the court begins by reviewing the terms of the state court's order in relation to the controlling Texas Rules of Civil Procedure.  Rule 202.3(a) provides:

> At least 15 days before the date of the hearing on the petition, the petitioner must serve the petition and a notice of the hearing——in accordance with Rule 21a——on all persons petitioner seeks to depose and, if suit is anticipated, on all persons petitioner expects to have interests adverse to petitioner's in the anticipated suit.

Under Rule 202.3(d), "[a]s justice or necessity may require, the

---

[6]Alternatively, Continental agrees to travel to Brazil to allow the parties to take the full deposition of Fernandes.  It asserts the belief that he will sit for a deposition in Brazil, and it contends that other persons who were interviewed in connection with KC's insurance claim should be examined in this manner.

court may shorten . . . the notice periods under this rule."   In
granting KC's petition on February 17, 2004 for a deposition to be
taken February 19, the state court explicitly exercised its
authority to shorten the 15-day notice period.   It based its
decision on the possibility that Fernandes would become unavailable
to give testimony after February 19 and the fact that he was
willing to testify on that date.   The court recognized that, "due
to exigent circumstances, [Continental] ha[d] not had the full
notice required by [Rule] 202." P. App. 1.   It found "that this
lack of full notice may or may not cause prejudice to [Continental]
in taking a [Rule] 202 deposition." *Id.* "[W]eighing the equities
of the situation," it determined that KC and Continental must
appear for the deposition of Fernandes on February 19. *Id.* at 1-2.
In doing so, however, it "expressly reserve[d] for determination by
the court in which suit is then pending the question of whether any
transcript thereof may be used by [KC] against [Continental] in any
lawsuit between the parties in which Mr. Fernandes' testimony may
be relevant." *Id*. at 2.   With one exception, the court also
conferred on Continental all the rights that Rule 202.5 accords a
party who did not receive notice of a pre-suit deposition.   Rule
202.5 provides, in pertinent part: "[a] court may restrict or
prohibit the use of a deposition taken under this rule in a
subsequent suit to protect a person who was not served with notice
of the deposition from any unfair prejudice or to prevent abuse of

this rule." The court excepted from Continental's rights under
Rule 202.5 to disallow use of the testimony from the February 19
deposition its failure, without good cause, to ask questions or to
object to questions by KC's counsel (unless otherwise agreed). P.
App. 2. The court explained that "[g]ood cause may include, but
not be limited to, the timing of notice and [Continental's]
position that it has not received all documents and/or information
requested." *Id.*

2

Considering the terms of the state court's order, this court
concludes that a Texas court would not find that the February 19
deposition was taken in violation of Rule 202 based solely on the
amount of notice provided Continental. KC petitioned under the
Rule to take Fernandes's deposition. The state court conducted a
hearing and, acting under Rule 202.3(d), explicitly shortened the
15-day notice period under Rule 202.3(a). It did so in a matter
that it found was presented to it "on an emergency basis." P. App.
1. It acted in "exigent circumstances" based on the possibility
that Fernandes, a Brazilian national, who was "beyond the process
of th[e] court at this time," would become unavailable to give
testimony after February 19 but was willing to appear and testify
voluntarily on February 19, and that "preserving his sworn
testimony [was] important to the rights of both [parties]." *Id.*
Because the state court explicitly exercised the authority

conferred on it by Rule 202.3(d) to shorten the 15-day notice period, the February 19 deposition was not taken in violation of Rule 202 based on the amount of notice given to Continental. The deposition was in fact taken pursuant to Rule 202.

To the extent Continental also contends the Rule was violated because the basis for shortening the notice period——i.e., that Fernandes would become unavailable to give testimony after February 19——was false, this argument is misplaced in the context of this case. As noted, with an exception not pertinent here, the state court conferred on Continental the rights provided by Rule 202.5. Under Rule 202.5, "[a] court may restrict or prohibit the use of a deposition taken under this rule . . . to prevent abuse of this rule." Therefore, if KC abused the Rule——i.e., if, based on a false predicate, it obtained an order allowing a pre-suit deposition——a Texas court acting within the Rule could ameliorate or rectify the abuse by restricting or prohibiting use of a deposition. The false premise that triggered entry of the order would not result in a violation of Rule 202; it would serve as a basis for a Texas court acting under Rule 202.5 and the state court's order to grant Continental relief.

3

Continental also challenges the November deposition under Rule 202 on the ground that the state court's order applied only to the February deposition. KC responds that the November deposition was

merely a continuation of the February deposition.  The court holds that a Texas court would conclude that the November deposition was not taken under Rule 202 and that Continental preserved its objection to taking the deposition under that Rule.

Rule 202.4 specifies the required contents of an order that grants a Rule 202 petition.  It provides, in pertinent part, that "[t]he order *may* . . . state the time and place at which a deposition will be taken." (emphasis added).  The Rule also provides that, "[i]f the order does not state the time and place at which a deposition will be taken, the petitioner must notice the deposition as required by Rules 199 or 200." Here, the state court did not authorize Fernandes to be deposed on November 19, 2004, and its order did not state the date of the November deposition.  This had the effect of requiring that KC notice the deposition or take the deposition by agreement.   KC did not notice the deposition, and a Texas court would hold that the parties did not take it by agreement.

KC principally relies on two letters to establish that the November deposition was a continuation of the first.  In a March 5, 2004 letter, Continental's counsel indicated to KC's counsel that Continental was agreeable to a Rule 202 deposition in the near future, after it had obtained English copies of all requested documents.  In a March 19, 2004 letter, Continental's counsel suggested three April dates for questioning Fernandes in Dallas,

but he did so in the context of "witness interviews," albeit in the presence of a court reporter.   At the November 19 deposition, however, it was clear that there was no agreement between the parties that the questioning of Fernandes was a continuation of the February Rule 202 deposition or even a deposition at all.   KC's counsel commenced the deposition by noting that KC believed it was going forward under the February 17 state court order.   But he then referred to prior discussions with Continental's counsel in which they had "agree[d] to disagree on this and put our positions on the record."   P. App. 38.   KC's counsel then said "there has to be a determination later as to whether this proceeding is or is not a deposition that was taken in anticipation of litigation, and possibly admissible in that later litigation.   *Id.*   Continental's counsel expressly "object[ed] to this proceeding taking place as a deposition."   *Id.* at 39.   He contended "that this is simply an interview in connection with [KC's] fidelity bond claim."   *Id.*   It is therefore pellucid from reading the November deposition transcript that the parties had *not* agreed that this deposition was a continuation of the February deposition.   Accordingly, because there was neither a court order that specified the date for the deposition, a notice of the deposition, nor the parties' agreement, the November deposition was taken in violation of Rule 202.

D

The court now decides under Rule 27(a)(4) whether Fernandes's deposition testimony would be admissible in evidence in a Texas court.[7]

1

A Texas court would conclude that Fernandes's February deposition testimony is conditionally admissible.[8] Under the terms of the state court's February 17 order, the Texas court presiding over subsequent litigation between KC and Continental would decide in its discretion whether to permit KC to use the deposition transcript. The court would also determine whether Continental is entitled under Rule 202.5 to restrict or prohibit the use of the

---

[7]The court rejects KC's reliance on two inapposite rules: Rule 32(a)(3)(D) and Rule 804(b)(1). The question whether the depositions can be used in this case is governed by Rule 27(a)(4). That is, the court decides whether they would be admissible in evidence in the courts of Texas. Rule 32(a)(3)(D) must be read in this respect as subject to Rule 27(a)(4). Rule 804(b)(1) provides that such testimony is not excludable as hearsay if the declarant is unavailable and the requirements of the Rule are satisfied. In other words, before Rules 32(a)(3)(D) and 804(b)(1) come into play, the court must decide the threshold question whether a Texas court would allow the depositions to be used at all. The court therefore disagrees with KC's contention that "[t]he proper starting point, therefore, for assessing whether the depositions are admissible in this case is Fed. R. Evid. 804(b)(1)." P. Reply Br. 4.

[8]As the court explains *infra* at § III(C)(4), Fernandes's deposition testimony would be held inadmissible unless Continental is able to complete the deposition after a reasonable opportunity to review the relevant documents and witness testimony necessary for the deposition and to conduct the deposition as one taken for purposes of presenting Fernandes's testimony at trial. The court describes this result under the rubric "conditionally admissible."

deposition due to unfair prejudice.  In the circumstances of this case, these two questions merge into one.

A Texas court would hold that the deposition testimony is inadmissible unless Continental is allowed to complete Fernandes's deposition after a reasonable opportunity to review the relevant documents and witness testimony necessary for the deposition and to conduct the deposition as one taken for purposes of presenting Fernandes's testimony at trial.[9]  It would reason that Continental would otherwise be unfairly prejudiced.

"The scope of discovery authorized in a deposition before suit is filed is the same as if the anticipated suit or potential claim had been filed."  3 Roy W. McDonald & Elaine A. Grafton Carlson, *Texas Civil Practice* § 13:23[a] (2d ed. 2000 & Supp. 2006).  "When a deposition is sought to perpetuate testimony, the petition must afford sufficient information about the anticipated action to give fair notice adequate to permit an adverse party to prepare for the deposition and to cross-examine the witness."  *Id.; see Lee v. Lee*, 359 S.W.2d 654, 656 (Tex. Civ. App. 1962, writ ref'd n.r.e.) ("[The Rule] contemplates that the statement will include such information regarding the nature of the anticipated suit as will fairly enable the adverse party to cross-examine the witness." (addressing former Rule 187, the precursor of Rule 202)).  These dual premises reflect

_____

[9]In focusing on use of the deposition testimony at trial, the court does not of course exclude the possibility that the testimony could be used to defeat or support a summary judgment motion.

- 19 -

that an adverse party must have a fair opportunity to prepare for a deposition in which it will be required to cross-examine a witness in the same manner that it would do so were the deposition being taken after a lawsuit had been filed.  And in the case of a witness who is alleged to be unavailable for trial, and the deposition will be used not only for discovery and impeachment purposes but will be introduced as the witness's trial testimony,[10] the adverse party must have a fair opportunity to prepare for and conduct substantially the same cross-examination it would conduct during a deposition that it reasonably anticipated would be used as the witness's trial testimony.  A Texas court would ask itself whether Continental in fact had this fair opportunity, considering the circumstances and context in which Fernandes's depositions were taken, and it would hold that it did not.

First, at the time of the February 19 deposition, Continental had no more than two days' notice that the deposition would be taken.[11]  Even the most capable of lawyers cannot be expected on

---

[10]That the testimony of an unavailable witness is commonly presented by deposition is reflected by the principle reiterated in cases like *Daugherty v. Jacobs*, 187 S.W.3d 607, 618-19 (Tex. App. 2006, no pet.) (holding that plaintiff failed to rebut presumption that trial court did not abuse its discretion in denying motion for continuance where plaintiff complained that expert witness was unable to attend trial but failed to show why absent witness's testimony could not have been taken by deposition).

[11]Even if the court uses February 13, 2004—the date KC's counsel notified Continental's counsel of Fernandes's availability on February 19—rather than the date of the court's order as the controlling date, its analysis would not materially change.  Six

such short notice to conduct a trenchant, much less trial-type, cross-examination of such a crucial factual witness in a multimillion dollar lawsuit.   While Continental's pre-suit investigation of KC's claim and its interviews with Fernandes and other potential witnesses would certainly have assisted counsel in preparing for the deposition and have removed from the category of an impossible task, it would not have enabled counsel to examine him at the level of advocacy rightly expected of a competent lawyer.

Second, when Fernandes was deposed in February, KC had not even filed its Final Proof of Loss and certain amendments to it. Continental conducted 30 witness interviews after the deposition——and all before this suit was filed——that would have impacted its examination of Fernandes.   And Continental first obtained after the deposition thousands of pages of documents relevant to Fernandes's testimony.   A Texas court would conclude under these circumstances that Continental did not have a fair opportunity to prepare for the deposition.

Third, a Texas court would examine whether the putative exigent circumstances that prompted the state court to grant KC's Rule 202 motion were borne out.   It would hold that they were not, because Fernandes was in fact available after February 19, 2004, on

---

days' notice is still not enough to enable a competent lawyer to conduct a trial-type deposition of a witness of this importance to the case.

a date that would have given Continental a fair opportunity to prepare for a trial-type deposition of him.[12]

In arguing that Continental cannot show unfair prejudice, KC maintains that the only possible basis for excluding the deposition is a showing by Continental of good cause for not asking questions. As noted, in its February 17 order, the state court excepted from Continental's rights under Rule 202.5 its failure, without good cause, to ask questions or to object to questions by KC's counsel, unless otherwise agreed. The court concludes for the reasons explained above that a Texas court would hold that Continental *did* have good cause for failing to conduct a trial-type deposition and that it had met its burden under the order.

2

A Texas court would reach the same result as to the November deposition, because the deposition was not even conducted in accordance with Rule 202.

Although KC advances the following arguments in the context of the unfair prejudice inquiry, it appears to maintain that Continental waived any objection by extensively questioning Fernandes, and that, if Rule 202 was violated, the infraction

---

[12]The court does not suggest by this conclusion that KC misrepresented Fernandes's true status to the state court. The record supports the conclusion that KC could not be certain that he would be available in the future. For purposes of the court's analysis, however, what is pertinent is that Fernandes was in fact available.

should be disregarded because Continental had the opportunity to question him thoroughly on a wide array of topics and documents following a nine-month interval since the first deposition, during which it obtained translated documents from KC.  The court concludes that a Texas court would not hold on these grounds that the November deposition is admissible.

KC did not submit its Final Proof of Loss until after the November deposition.  In that proof of loss, KC asserted that Fernandes acted alone rather than as a member of a conspiracy.  The Final Proof of Loss also included tax credits that Fernandes allegedly purchased for Klabin Kimberly S.A., a KC Brazilian subsidiary, that were not included in the Interim Updated Proof of Loss.  Although the parties dispute whether these changes are material, a Texas court would in its discretion hold that, in light of these modifications, Continental should not be deprived of the opportunity to complete a deposition of Fernandes that would function as his trial testimony.

KC also asserts that Continental can only establish a basis for excluding the deposition by showing good cause for not asking questions.  The good cause procedure, however, applied only to the February deposition because it was the only one taken under Rule 202.  This argument is inapplicable to the November deposition.

3

In summary, the court holds that a Texas court would realistically assess Fernandes's central role in this multimillion litigation. It would conclude that what is in effect his trial testimony should not be allowed in the form of two depositions, both taken before the lawsuit was filed and even before the Final Proof of Loss was submitted, where one was conducted on extremely short notice and the other was taken without court authority and while the claim investigation process was ongoing. The Texas court would give great weight to the fact that Fernandes is not a replaceable witness to a subsidiary fact. In the words of KC, he is "a crucial witness," P. Reply Br. 9, "the man who caused [KC] to lose over U.S. $40 million," *id.* at 10. It would recognize that a witness of this type would be the focus of extensive questioning, and perhaps to a continuation of his deposition, after voluminous documents had been produced and translated into English and other witnesses had been deposed and had shed additional light on what actually occurred. The Texas court would conclude in the end that the two pre-suit depositions of this crucial witness should not be allowed in these circumstances to serve as his trial testimony.

4

The court also holds that the Texas court, informed by principles applicable to Texas discovery rules, would conclude that the evidence should be admitted if the unfair prejudice to

Continental can be cured. The Supreme Court of Texas recognizes that, to be just, discovery sanctions must not be excessive. *Spohn Hosp. v. Mayer*, 104 S.W.3d 878 (Tex. 2003) (per curiam). "In other words, a sanction imposed for discovery abuse should be no more severe than necessary to satisfy its legitimate purposes . . . ." *Id.* at 882 (addressing sanctions under Rules 215.2(b)) (citing *Chrysler Corp. v. Blackmon*, 841 S.W.2d 844, 849 (Tex. 1992); *TransAmerican Natural Gas Corp. v. Powell,* 811 S.W.2d 913, 917 (Tex. 1991)). Even when, for example, a party fails to timely supplement a discovery response, the evidence need not be excluded if the court finds that "the failure will not unfairly . . . prejudice the other party." *Pilgrim's Pride Corp. v. Smoak*, 134 S.W.3d 880, 902 (Tex. App. 2004, pet. denied) (citing Rule 193.6(a); *Morrow v. H.E.B., Inc.*, 714 S.W.2d 297, 297-98 (Tex. 1986)). Guided by these or similar principles, the Texas court would not exclude Fernandes's deposition testimony if Continental were able to complete his deposition after a reasonable opportunity to review the relevant documents and witness testimony necessary for the deposition and to conduct the deposition as one taken for purposes of presenting Fernandes's testimony at trial. This would enable Continental to remedy the unfair prejudice identified above, allow KC to use testimony it thinks necessary to prove its claims against Continental, and permit both parties to use the testimony under Rule 106. As noted *supra* at note 6, Continental is willing

- 25 -

to travel to Brazil to allow the parties to take the full deposition of Fernandes.[13]  And despite disagreement in the briefing concerning whether Fernandes will appear, and KC's assertion that there will be delay under Brazilian legal procedures in securing his attendance, the court is unable to say definitely that his attendance cannot be secured.  And the court is likewise unable to conclude that a Texas court addressing this issue would find that any such delay is a sufficient reason not to permit Continental to complete the deposition as a condition of admitting the first two in evidence.  Accordingly, KC's motion is conditionally granted.[14]

IV

The court now turns to Continental's motion to extend the discovery deadline and the deadline for filing summary judgment motions to October 13, 2006.

A

Continental maintains that it needs additional time to complete discovery because the parties have significant, unresolved discovery disputes and KC has only recently produced 20,000 pages of documents (many in Portugese).  It also complains of KC's

---

[13]According to Continental's motion to extend certain discovery deadlines, the parties have already taken seven depositions in Brazil.

[14]If KC can later demonstrate that Fernandes will be present for trial, it may be able to show that the court's decision should be modified.  On the present record, however, KC has made no such showing, and it contends to the contrary that he will not be present for trial.

- 26 -

conduct that it says has slowed the discovery process and of delays arising from the number of fact witnesses who reside in Brazil.  KC opposes the motion, contesting Continental's justifications and contending that Continental cannot meet the good cause standard of Rule 16(b).

B

As a result of the court's decision above conditionally granting KC's motion to admit prior deposition testimony, the court must extend the discovery deadline to enable the parties to complete Fernandes's deposition.  Additionally, on August 18, 2006 the magistrate judge granted in part and denied in part Continental's motion to compel and ordered KC to produce certain documents by September 1, 2006.  *See Kimberly-Clark Corp. v. Cont'l Cas. Co.*, No. 3:05-CV-0475-D, order at [6] (N.D. Tex. Aug. 18, 2006) (Kaplan, J.).   The court concludes that extending the discovery deadline to October 13, 2006 is warranted to enable Continental to secure discovery arising from this production.

C

The court next considers whether to enlarge the discovery and summary judgment deadlines for the reasons on which Continental relies.  Rule 16(b) requires that a party who seeks to modify a scheduling order must show good cause.  Continental may demonstrate good cause only by showing that, despite its diligence, it could not have reasonably met the scheduling deadline.   *See Am.*

- 27 -

*Tourmaline Fields v. Int'l Paper Co.*, 1998 WL 874825, at *1 (N.D. Tex. Dec. 7, 1998) (Fitzwater, J.).

The court holds that the delay arising from recent events—discovery disputes, KC's production of documents, and the discovery of accounting witnesses located in the United States and fact witnesses located in Brazil—meets the good cause standard and supports granting the modest requested extension of the discovery and summary judgment deadlines.  Continental has demonstrated that, despite its diligence, it could not have reasonably met the scheduling deadline.  Accordingly, the motion is granted.[15]

\*     \*     \*

For the reasons set out, the court conditionally grants KC's April 14, 2006 motion to admit prior deposition testimony of Fernandes, denies Continental's May 26, 2006 motion for reconsideration,[16] and grants Continental's July 3, 2006 motion to extend certain discovery deadlines.

**SO ORDERED.**

August 25, 2006.

_____
SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE

_____

[15]Of course, if Fernandes's deposition cannot be taken before October 13, 2006, the discovery deadline must be adjusted accordingly to enable the deposition to be conducted.

[16]Continental supplemented the motion on June 5, 2006.  The motion, as supplemented, is also denied.

- 28 -